**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **LADARRIUS CALDWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 2:25-cv-00081** |
| | ) | |
| **ULTIUM CELLS, LLC, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE EVANS** |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant General Motors, LLC ("GM") and Ultium Cells, LLC ("Ultium") (together "Defendants") motion for judgment on the pleadings (Doc. No. 46), brought under Federal Rule of Civil Procedure 12(c), which is fully briefed (Doc. Nos. 51, 52). For the reasons discussed below, the motion (Doc. No. 46) is **DENIED**.

## I. BACKGROUND[1]

Plaintiff LaDarrius Caldwell ("Caldwell") was employed by Ultium from February 26, 2024, until April 28, 2025. (Doc. No. 38 ¶ 8). During that time, Caldwell was a member of United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") and UAW Local 1583 ("UAW 1583"). (*Id.*). During his employment, there was a Collective Bargaining Agreement (the "CBA") between Defendants, UAW, and UAW 1583. (*Id.* ¶ 9). On April 23, 2025, Calwell took a scheduled break in an area used by many employees to take breaks. (*Id.* ¶ 12). Caldwell used this area for breaks for months. (*Id.* ¶ 13). Following that break, Caldwell received a notice of suspension by Ultium on that same day. (*Id.* ¶ 14). On April 28, 2025, Caldwell was

[1] All facts herein are as alleged in the amended complaint (Doc. No. 38)

terminated. (*Id*. ¶ 34). Caldwell alleges that Defendants did not follow the procedures outlined in Article 4 of the CBA. (*Id*. ¶ 33). Caldwell alleges that Defendants did not provide a warning, hearing, or "proper notice." (*Id*.). Caldwell alleges that his termination was erroneous as he did not commit any misconduct. (*Id*.).

Caldwell filed his amended complaint on December 22, 2025, alleging Defendants breached the Collective Bargaining Agreement. (*Id*. ¶ 40-42).

## II. STANDARD OF REVIEW

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). The Court construes the complaint in the light most favorable to the plaintiff, accepts its factual allegations as true, and determines "whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). Judgment on the pleadings is proper when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021).

In considering a Rule 12(c) motion, the Court may consider the pleadings and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn*., 528 F.3d 426, 430 (6th Cir. 2008). Here, Caldwell attached a copy of the CBA to his amended complaint, as well as the notice of suspension and separation notice he alleges violated the CBA. (*See* Doc. No. 38 Ex. 1-3). Accordingly, the Court may consider the CBA and employment documents in resolving the pending motion.

## III. ANALYSIS

In suits by employees regarding a breach of a collective bargaining agreement, the plaintiff "must prove both (1) that the employer breached the collective bargaining agreement and (2) that the union breached its duty of fair representation." *Swanigan v. FCA US LLC*, 938 F.3d 779, 784 (6th Cir. 2019) (quoting *Garrish v. Int'l Union United Auto., Aerospace, & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005)). If the employee fails to satisfy both prongs of that test, the employee cannot succeed against any defendant. *Id*.

Defendants move for judgment on the pleadings on the grounds that, even if the allegations from Caldwell's amended complaint are taken as true, they did not breach the CBA. This is because the CBA does not require an employee to receive a hearing before discipline is imposed. (Doc. No. 47). They also assert that, notwithstanding the progressive disciplinary process provided for in the CBA, the CBA allows them to unilaterally determine when "circumstances will arise which necessitate corrective action that may not follow the standard progression guideline." (*Id*.) (quoting Doc. No. 38-1 at 9). Defendants argue that any action they took was therefore in line with the CBA, because "circumstances arose." (*Id*.). They point to the notice provided to Caldwell as evidence that they followed the CBA. (*see* Doc. No. 38-2). They also argue that the CBA permits them to do what Caldwell alleges, and that none of those allegations can be plausibly construed as a breach of the CBA.

Caldwell argues that, under the CBA, he was owed a reason for why he was being suspended, but that no reason was provided. (Doc. No. 51). Caldwell states that "pending investigation," which is listed on the notice provided, is not a reason. (*Id*.). Caldwell lastly asserts

that GM avoided the steps listed in the CBA, thereby dispatching with required guidelines for discipline. (*Id*.).

As an initial matter, Defendants' motion improperly relies upon facts asserted in its Answer and draws inferences in its favor, which is inconsistent with the standard at this stage. Taking the factual allegations of the Amended Complaint as true and drawing all inferences in the light most favorable to the plaintiff, Caldwell plausibly alleges that Defendants breached the CBA. He states that Defendants failed to provide a warning, hearing, or notice of the reason for his termination, and that Defendants failed to follow the disciplinary process outlined in the CBA. (Doc. No. 38 ¶ 33). The Court finds these allegations sufficient to plausibly state a claim for relief.

For the foregoing reasons, Defendant's motion for judgment on the pleadings (Doc. No. 46) is **DENIED.**

It is so **ORDERED**.

William L. Campbell, Jr.
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE