**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **LADARRIUS CALDWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 2:25-cv-00081** |
| | ) | |
| **ULTIUM CELLS, LLC, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE EVANS** |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants United Automobile, Aerospace, and Agricultural Implement Workers of America's ("UAW National") and UAW Local 1583's (together "Defendants") motion to dismiss Plaintiff LaDarrius Caldwell's ("Caldwell") First Amended Complaint. (Doc. No. 44). The motion is fully briefed (Doc. Nos. 49, 53). For the reasons discussed below, the motion to dismiss is **DENIED**.

## I. BACKGROUND[1]

Caldwell was employed by Ultium Cells, LLC ("Ultium") from February 26, 2024, until April 28, 2025. (¶ 8). During that time, Caldwell was a member UAW National and UAW Local 1583. (*Id.*). During his employment, there was a Collective Bargaining Agreement (the "CBA") between Ultium Cells, LLC, General Motors, LLC, UAW National, and UAW Local 1583. (¶ 9). On April 23, 2025, Calwell took a scheduled break in an area used by many employees to take breaks. (¶ 12). Caldwell used this area for breaks for months. (¶ 13). Following that break, Caldwell received a notice of suspension by Ultium. (¶ 14). The notice stated only that Calwell was

[1] The facts in this section are as alleged in the Amended Complaint (Doc. No. 38). Unless otherwise stated all citations to "¶ __" are to the Amended Complaint (Doc. No. 38).

suspended "pending investigation" and would be contacted when the investigation has concluded. (*See* Am. Compl., Ex. 2, Doc. No. 38-2). On April 28, 2025, Caldwell was terminated. (¶ 35). The separation notice states that the termination was "due to a code of conduct violation." (*See* Am. Compl., Ex. 3, Doc. No. 38-3). Caldwell contends the termination was erroneous because he did not commit any misconduct. (¶ 34). Defendants did not follow the procedures outlined in Article 4 of the CBA. (¶ 33). Caldwell did not receive a warning, hearing, or "proper notice" concerning the alleged violation. (*Id.*).

Caldwell reached out to the Union representative many times and received minimal response. (¶¶ 17-18). At some point, Union representative Derrick Kinzer advised Caldwell to write a statement. (¶ 19). Caldwell provided the letter to Kinzer. (¶ 21). Although Kinzer was supposed to file an appeal on Caldwell's behalf, he did not. (*Id.*). Kinzer told Calwell to contact Nick Brown, so Caldwell attempted to contact Nick Brown, but Brown did not respond. (¶¶ 22-23). Caldwell texted Kinzer and informed him that Brown did not respond. (¶ 24). Having received no response from Brown, Caldwell contacted John Rutherford, president of UAW Local 1853, who told Caldwell to get information to prove his innocence. (¶ 25). Caldwell again contacted Kinzer, who said he would "check on things," but never got back to Caldwell. (¶ 26-27). On June 4, 2025, Caldwell provided Kinzer with names of witnesses, but Kinzer did not talk to them. (¶¶ 28-29).

Caldwell alleges that the union failed to process his grievance and failed to adequately represent him throughout the entire proceeding. (¶ 31, 36-38). He brings claims against UAW National and UAW Local 1853 for breach of the duty of representation and against Ultium Cells, LLC and General Motors, LLC for breach of the CBA.

UAW National and UAW Local 1853 move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 45).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs*., 679 F.3d 425, 429 (6th Cir. 2012).

Before turning to the substance of the motion to dismiss, the Court must first address the additional documents relied upon by the parties. In considering a Rule 12(b)(6) motion, typically the court limits itself to the "four corners" of the complaint. *See Blackwell v. Nocerini*, 123 F.4th 479, 486–87 (6th Cir. 2024). However, the Court may also consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss, provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn*., 528 F.3d 426, 430 (6th Cir. 2008).

Caldwell attached a copy of the CBA, the notice of suspension, and the separation notice to the Amended Complaint. (*See* Doc. No. 38, Ex. 1-3). Accordingly, the Court may consider the CBA and the employment documents.

Defendants attached the Affidavit of Charles Davenport, International Representative for UAW Region 8. (Doc. No. 45-1). The Affidavit includes three exhibits which are represented to be: (1) excerpts from the collective bargaining agreement between GM/Ultium Cells and UAW Local 1853, effective March 5, 2025, through April 30, 2028; (2) copies of excerpts from the National Agreement between UAW International and General Motors LLC, effective October 30, 2023; and (3) copies of excerpts from the UAW International Constitution. (*Id.*). Of these documents, only the CBA is referenced in the Amended Complaint. Defendants appear to contend that the Court may consider the National Agreement and the UAW Constitution because they are incorporated into the CBA. (Doc. No. 45 at 3). Although Defendants point to Article 2 of the CBA, which states that "Ultium Cells management will direct and manage the daily activities of GM Leased Employees in accordance with the Local Agreement and terms of the National Agreement," the Court is not persuaded that this perfunctory reference is a sufficient basis to expand the scope of documents appropriate for consideration under Rule 12(b)(6). (*See* Doc. No. 45 at 8). Moreover, there is no apparent basis on which to consider the UAW Constitution, which is not referenced in the Amended Complaint or the CBA. Accordingly, the Court finds consideration of these additional documents is not appropriate. As discussed below, this conclusion has no effect on the disposition of the motion.

## III. ANALYSIS

The Sixth Circuit has said that, in suits by employees regarding a breach of a collective bargaining agreement and breach of the duty of fair representation, the plaintiff "must prove both

(1) that the employer breached the collective bargaining agreement and (2) that the union breached its duty of fair representation." *Swanigan v. FCA US LLC*, 938 F.3d 779, 784 (6th Cir. 2019) (quoting *Garrish v. Int'l Union United Auto., Aerospace, & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005)). A union breaches its duty of fair representation when its conduct is arbitrary, discriminatory, or in bad faith. *Blesedell v. Chillicothe Telephone Co*., 811 F.3d 211, 220 (6th Cir. 2016) (internal quotation omitted).

Plaintiffs must exhaust internal union remedies before bringing a claim alleging the union's breach of the duty of fair representation. *See Chapman v. United Auto Workers Local 1005*, 670 F.3d 677, 683 (2012). However, courts have discretion to decide whether to require exhaustion of internal union procedures. *Id*. (citing *Clayton v. Int'l Union*, 451 U.S. 679, 689 (1981)). Historically, the Sixth Circuit has not required exhaustion when internal remedies were shown to be futile. *Id*. (citing *Monroe v. Int'l Union UAW*, 723 F.2d 22, 25-26 (6th Cir. 1983)). In determining whether to require exhaustion, courts consider three factors (the "*Clayton* factors"): "(1) whether union officials are so hostile to the employee that he could not hope to have a fair hearing on his claim; (2) whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks; and (3) whether exhaustion of internal procedures would unreasonably delay the employees opportunity to obtain a judicial hearing on the merits of his claim." (*Id*. (internal quotations and citations omitted)).

**A. Failure to Exhaust Internal Remedies**

Defendants move to dismiss on the grounds that Caldwell failed to properly allege that he exhausted his internal union remedies or that an exception to the exhaustion requirement applies. (Doc. No. 45). Although the Sixth Circuit has stated that failure to exhaust internal union remedies is an affirmative defense (*see Chapman*, 670 F.3d at 683), Defendants contend that exhaustion of

internal remedies or factual allegations showing that some exception applies is a pleading requirement for a breach of duty of fair representation claim.[2] (Doc. No. 45 at 5-6 (citing *Spicer v. Ford Motor Co*., 491 F. App'x 543, 545 (6th Cir. 2012)). Although *Spicer* is an unpublished decision, some of the Sixth Circuit's earlier decisions also treated exhaustion as a pleading requirement. *See Wagner v. General Dynamics*, 905 F.2d 126 (6th Cir. 1990) (affirming dismissal of fair representation claim for failure to exhaust at the motion to dismiss stage); *Rogers v. Bd. of Educ. of Buena Vista Schs.*, 2 F.3d 163 (6th Cir. 1993) (same).

Caldwell argues that he has alleged sufficient facts from which the Court can infer that the grievance process would have been futile. Caldwell points to allegations that he attempted to engage with union representatives to pursue a grievance on numerous occasions and was ignored. Calwell contends these allegations are sufficient to plausibly allege that the union was hostile such that he was unable to have any hearing on his complaint, let alone a fair one, and that the grievance process was, therefore, futile. Unlike in *Spicer*, where the plaintiffs filed grievances and the union assisted them in pursuing the grievances until withdrawing them without prejudice, Caldwell alleges that the union would not assist him to begin the grievance process.

The Court finds Caldwell has alleged sufficient facts to show that the grievance process was not available to him or was futile. Accordingly, the claim will not be dismissed for failure to exhaust internal remedies.

---

[2] Plaintiff does not argue that exhaustion is not an element of the claim. However, the Court notes that a plaintiff typically does not have to anticipate or negate an affirmative defense to survive a motion to dismiss. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Thus, a Rule 12(b)(6) motion is "generally an inappropriate vehicle for dismissing a claim based on [an affirmative defense]." *Id.* "[T]he prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Rauch v. Day & Night Mfg. Corp*., 576 F.2d 697, 702 (6th Cir. 1978); *see also Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (concerning the affirmative defense of statute of limitations).

### B. Allegations against UAW National

Defendants next argue that the claims against UAW National should be dismissed because UAW National is a distinct entity and Caldwell does not assert specific factual allegations against it. (Doc. No. 45 at 8). In response, Caldwell points to allegations in the complaint directed at both UAW National and UAW Local alleging that "both UAW and UAW Local 1853 failed to properly represent the Plaintiff in the procedure under the CBA." (Doc. No. 49 (quoting Doc. No. 38 ¶ 11)). Caldwell also notes that UAW National is named as the "union" in the CBA, and the CBA imposes obligations on the International Union. (Doc. No. 49 at 5-6 (citing CBA, Article I, Doc. No. 38-1)).

Taking the factual allegations of the amended complaint as true, Caldwell alleges enough to pass scrutiny at this stage of the litigation. Plaintiff contends that both UAW National and UAW Local have a duty to represent him in union proceedings at that they breached that duty. Given that the purpose of the CBA is to provide for "collective bargaining relations" between General Motors and UAW National, that the CBA states that employees will be advised that they have the right to request "Union representation," and "Union" is defined as UAW National, Caldwell has plausibly alleged a claim for breach of the duty of fair representation as to both UAW National and UAW Local 1853.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 44) is **DENIED.**

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE